PUERTO RICO PRODUCTION CREDIT ASSOCIATION, Plaintiff and Appellee, *v.* LA SOCIEDAD RODRÍGUEZ Y PAGÁN, ETC., Defendants and Appellants; MIGUEL ÁNGEL ROURA, Intervener and Appellant.

No. 12014.    Submitted February 29, 1960.—Decided June 28, 1960.

*Luis A. Negrón López* for appellant. *Cipriano Olivieri* for plaintiff and appellee. *Carlos Manuel Dávila* for defendants and appellees.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

This is an action for recovery of money brought before the San Juan Part of the Superior Court, by the Puerto Rico Production Credit Association against Sociedad "Rodríguez y Pagán" and its members Arturo Rodríguez and his wife Lucía Cruet and Laureano Pagán and his wife Carmen Giraud. In order to secure the effectiveness of the judgment certain property of the defendants was attached. On October 6, 1955, the plaintiff requested the court that said attachment be extended on a promissory note in the name of the defendant partnership for $5,071.75, past-due on November 12, 1953 and subscribed by Miguel A. Roura and which promissory note was held by the plaintiff as a deposit. The court ordered the attachment of the said promissory note and provided that notice be served on the defendant, owner of the note, and on Roura, the debtor. The marshal of the court attached the note taking it and withholding it in *custodia legis*. He notified said attachment to the defendant but not to Roura, the executing party of the note.

Roura in turn had filed a separate action in the Ponce Part of the Superior Court, for recovery of money against the same defendants, Sociedad Rodríguez y Pagán and the members composing it, and having obtained judgment in his favor,[1] he obtained from said court, on October 7, 1955, an

---

[1] The defendants appealed from said judgment and the appeal is pending in this Court.

order to secure effectiveness of the judgment for $4,200 as principal and other credits for interest, costs and attorney's fees. Plaintiff therein indicated to the marshal of the Superior Court, San Juan Part, as property to be attached, the promissory note for $5,071.75 which Roura himself had executed in favor of Sociedad "Rodríguez y Pagán" and its above-named components, the marshal being informed that said promissory note was in the possession of the Puerto Rico Production Credit Association as a deposit. Said marshal executed the attachment as a second attachment or reattachment in view of the fact that the depositary Puerto Rico Production Credit Association had attached the promissory note on October 6, 1955, that is, the day before the effectiveness of the judgment was entered by the Superior Court, Ponce Part.

Towards the end of May 1956, Miguel A. Roura, on leave of the court, filed a complaint of intervention in the action filed by Puerto Rico Production Credit Association against Sociedad "Rodríguez y Pagán" and its members. He set forth the afore-stated facts and alleged that the attachment levied by Puerto Rico Production Credit Association on the promissory note was null and void and that the only attachment validly levied was that decreed by the Superior Court, Ponce Part, "(a) because the plaintiff in the case at bar, Puerto Rico Production Credit Association, at the time of the extension of the attachment, of designating the property, and of levying the attachment, was the depositary of the said note and held the latter in its possession, wherefore it could not attach said note; (b) because since Miguel Ángel Roura, intervener herein, was the debtor of said note and it being a credit or this intervener's obligation to pay, the intervener herein was not notified of said attachment and consequently there was no attachment whatsoever."

The complaint in intervention ends with the prayer that the court decree the annulment of the attachment levied by Puerto Rico Production Credit Association on the promis-

sory note executed by Roura and order that said note be submitted to the marshal of the Superior Court, Ponce Part, to be deposited with the latter, in *custodia legis* under the control of said Part.

On July 20, 1956 after the case was submitted by a stipulation of the parties, the Superior Court, San Juan Part, rendered judgment dismissing the complaint in intervention. Roura, the intervener, appealed from said judgment to this Court on July 31, 1956 [2] and alleges here, that on the grounds which he set forth in his complaint of intervention, the attachment levied by the respondent on the oft-mentioned note is null and void.

■■ We disagree. It is true that at the time of the attachment the promissory note was in possession of the respondent as a deposit. This fact did not preclude the respondent from levying a legal attachment on said note. A depositum is constituted from the time a person receives *a thing belonging to another* (personal thing) with the obligation of keeping and returning it. Sections 1658 and 1666 of the Civil Code (1930 ed.), —31 L.P.R.A. § § 4621 and 4661. The obligation of the bailee to return the depositum when the bailor requires it is conclusively established in § § 1666 and 1675 of the Code—31 L.P.R.A. § § 4661 and 4670. Such provisions shall not be observed when the depositum in the possession of the bailee has been judicially attached, or if the latter has been notified of the objection of a third person to the return or transfer of the thing bailed. Section 1665 of the Civil Code—31 L.P.R.A. § 4670. Furthermore, the bailee cannot demand that the bailor prove

---

[2] The previous day, that is, on July 30, 1956, the marshal of the Superior Court, Guayama Part, sold in public auction the promissory note involved in this suit and delivered it to the purchaser, Genaro Cautiño Bruno. The auction was held in execution of the judgment rendered by the San Juan Part of the Superior Court in the action brought by Puerto Rico Production Credit Association against Sociedad "Rodríguez y Pagán" and others. As to whether the intervener should have taken steps to stop the auction in order to preserve his right to review the judgment of the lower court, *quære*.

that he is the owner of the thing bailed. Section 1671 of the same Code [31 L.P.R.A. § 4666].

Pursuant to these provisions it is clear that the defendant "Rodríguez y Pagán" was the owner of the promissory note in question and that the plaintiff-respondent, that is, the depositary, was compelled to return it to said owner upon the latter's request. The sole right of the bailee was to retain the promissory note in pledge, should the bailor not pay him what was due him by reason of the depositum. Section 1680 of the Civil Code [31 L.P.R.A. § 4682]; but that contingent right is not equivalent to a legitimate interest on the property of the promissory note sufficient to establish an ownership right thereon. *Cf. Water Resources Authority* v. *Irizarry*, 72 P.R.R. 601, 607. On the other hand, the right to withhold the thing bailed may be waived without prejudice to the depositary's right to exercise the personal action to effectuate the just and legitimate payments. 11 Manresa, *Código Civil* 717. Consequently, it is undeniable that the sole and real owner of the attached promissory note at the time of the attachment was the defendant "Rodríguez y Pagán."

However, the intervener-petitioner alleges that since 1929 and in the case of *Villar & Co. Inc.* v. *Hansson*, 40 P.R.R. 303, it was decided by this Court that "the attachment of property in the possession of plaintiff can not be levied."

The facts of the *Hansson* case are briefly as follows: A sued B for damages because B sold A, from a foreign country, a fertilizer that did not conform to the chemical formulas agreed upon. To secure the effectiveness of the judgment which might be rendered in its favor, A attached all the documents which were evidence of the fertilizer deposited in the customhouse, drafts, and one thousand sacks of fertilizer which were also deposited in the customhouse billed to San Miguel Brothers. The defendant requested the dissolution of the attachment. The parties

stipulated that the fertilizer which was billed to the plaintiff had been withdrawn by the latter from the customhouse, prior to the levying of the attachment, on provisional bond conditioned upon the presentation of the bill of lading. This Court said: "The plaintiff, of its own accord, by furnishing a bond, withdrew from the customhouse, as we have already stated, the goods consigned to it by the defendant, and undertook to deliver subsequently the required documents, thus taking possession of the goods *and depriving the defendant in that way of his control over them;* and it has been held that 'the attachment of property in the possession of plaintiff can not be levied.' Citations." And later added: " 'It is a fundamental principle,' says Drake on Attachment, section 245, 'that an attaching creditor can acquire no greater right in attached property than the defendant had at the time of the attachment. If, therefore, the property be in such a situation that the defendant has lost his power over it, or has not yet acquired such interest in or power over it as to permit him to dispose of it adversely to others, it cannot be attached for his debt.' " The facts of the *Hansson* case are distinguishable from the case at bar. In the former the plaintiff had taken possession of the property consigned thereto, before the attachment, withdrawing them from the customhouse and depriving the defendant in that way of his control over them, while in the case at bar the bailee had no interest or control over the promissory note on deposit as to permit it to dispose of said promissory note adversely to others since, as we have seen, the bailor continued as owner of the deposit with a right to have the latter returned by the depositary upon request.

In *Clausells* v. *Salas*, 50 P.R.R. 530, we held, citing with approval the *Hansson* case, that an attachment by the plaintiff of sums of money which he himself was bound to pay by judgment to the defendants, was void. However, the doctrine of this case was later rejected in *Martinó* v. *San-*

*tisteban Chavarri & Co., S. en C.*, 53 P.R.R. 283, where it was decided that a divisible judgment may be attached by one of the parties as to that portion favorable to the opposite party.

The petitioner contends that the case of *Santisteban Chavarri & Co.* did not overrule that of *Hansson* as to the doctrine that "the attachment of property in the possession of plaintiff can not be levied." Precisely what *Santisteban Chavarri & Co.* decides is that sums of money owed by judgment by one party may be attached by the latter, notwithstanding that said property is in possession of the attaching party. In view of the foregoing, there is no reason to deny a plaintiff's right to attach property belonging to another which is in his own hands as a deposit and which belongs to his debtor.

In an action to collect money the proceeding to secure the effectiveness of the judgment consists, by law, in the attachment of property sufficient to cover the amounts claimed. Section 2(*b*) of the Act to Secure the Effectiveness of Judgments [32 L.P.R.A. § 1070]; *Carlo* v. *District Court*, 58 P.R.R. 889, 894. The attachment of personal property is levied by depositing the property in question in Court or with the person designated by it, under plaintiff's responsibility. Section 10 of the Act to Secure the Effectiveness of Judgments [32 L.P.R.A. § 1078]; *Cooperativa Central* v. *Flores*, 68 P.R.R. 672. There is nothing in the law to bar the attachment of personal property in the hands of a garnishee, nor to distinguish between an attachment of property in the hands of the defendant and the attachment of property which is in the hands of a garnishee. As our law now stands, property belonging to the defendant at the time of the attachment or that is in the hands of a third party but owned by him, can be attached. *Prado* v. *Quiñones*, 78 P.R.R. 300. An obligation to recover money, such as a promissory note transferable by indorsement or by mere delivery of the instrument, is personal property under

the provisions of law. Sections 266 and 268 of the Civil Code [31 L.P.R.A. §§ 1062 and 1064]; *Dávila* v. *Registrar*, 59 P.R.R. 129, and is therefore, subject to attachment by seizure. See 7 C.J.S. 402, § 223 (*g*), and 4 Am. Jur., 896, § 563.[3]

▉ Failure to notify the attachment of the promissory note to the executing debtor, even where the court had ordered such notice, is not sufficient reason or ground to dissolve the attachment since the attachment in question is on personal property, and one which, as we have seen, is levied by taking the attached property and depositing it in the hands of the court or the depositary designated by the latter. On the other hand, after the debtor filed his complaint of intervention in this case, he had knowledge of the attachment, of the fact that the promissory note was in *custodia legis* and that, therefore, he could not issue it to Sociedad Rodríguez y Pagán.

The errors assigned not having been committed, the judgment of the lower court is affirmed.

---

[3] The intervener tried to levy a first attachment of the promissory note requesting that the marshal be ordered to take it and deposit it in court.